UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY ROSSI, individually and on behalf of a nationwide class of similarly situated individuals,<br><br>　　　Plaintiff,<br>v.<br><br>GENERAL NUTRITION CORPORATION and GRENADE® USA, LLC,<br>　　　Defendants. | No. 1:19-cv-01417<br><br>Honorable Manish S. Shah |

**PLAINTIFF AND GENERAL NUTRITION CORPORATION'S JOINT INITIAL STATUS REPORT**

Plaintiff JAY ROSSI and Defendant GENERAL NUTRITION CORPORATION ("GNC") submit the following as their Joint Initial Status Report:

**1.** **The Nature of the Case**: Plaintiff contends that he was injured by a dietary supplement called Grenade – Thermo Detonator ("GTD"). GTD is allegedly manufactured and promoted by Defendant Grenade USA, LLC, and allegedly sold and promoted by GNC at GNC stores and online.

　　a.　**Attorneys of record for each party, including lead trial attorney**:

*For Plaintiff Jay Rossi,*

**James C. Vlahakis (lead attorney)**
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
630-575-8181
Fax: 630-575-8188
jvlahakis@sulaimanlaw.com

*For Defendant GNC,*

**Christopher S. Hennessy (lead attorney)**
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
312-474-4493  Fax: 312-878-2003

1

chennessy@cozen.com

Defendant Grenade USA, LLC has been served with summons but has failed to appear or otherwise answer. Dkt. 3, Alias Summons, reflecting service attempts at pp. 4 and 6.

    **b.**    **Basis for federal jurisdiction**: Diversity Jurisdiction.

    **c.**    **Nature of the claims asserted and any counterclaims:**

*Plaintiff has summarized his claims as follows:*

**Count I**, Negligent Misrepresentation vs. GNC and Grenade USA, contends that GNC and Grenade USA negligently and/or carelessly misrepresented, omitted and concealed from consumers material facts relating to the dangerous quality and characteristics of GTD;

**Count II**, Design Defect vs. Grenade USA, contends that Grenade USA's design of GTD was defective, and because of such design defects, whether GTD was defective and unreasonably dangerous to the consuming public, including the Plaintiff;

**Count III**, Strict Products Liability vs. GNC, contends that Plaintiff was injured as a result of the unreasonably dangerous nature of GTD, that GNC promoted and sold GTD and otherwise knew of and concealed the unreasonably dangerous nature of at the time when GTD left Grenade USA's control;

**Count IV**, Unjust Enrichment vs. GNC, generally contends that GNC improperly profited from its sale of GTD to Plaintiff;

**Count V**, Unjust Enrichment vs. Grenade USA, generally contends that GNC improperly profited from its sale of GTD to Plaintiff;

**Count VI**, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") vs. GNC and Grenade USA, generally contends that GNC and Grenade USA's sale of GTD constituted an unfair, deceptive, and misleading business practice in violation of ICFA, by among other things, unfairly and deceptively misrepresenting the benefits and quality of GTD to Illinois consumers; unfairly and deceptively advertising GTD as identified above as a safe method of combating fat and delivering energy; and unfairly and deceptively omitting that GTD contained the above-identified unsafe ingredients.

*Defendant GNC's position is as follows:*

Defendant GNC disputes the above claims and denies all liability.

There are no counterclaims at this time; however, GNC reserves the right to assert counterclaims and crossclaims as facts are discovered.

Defendant GNC further contends that this matter should be arbitrated.

    **d.**    **Major legal and factual issues anticipated in the case**:

2

      i.      Plaintiff and GNC both agree that the major threshold legal and factual issue is whether Plaintiff is required to arbitrate his claims;

      ii.     Subject to and without waiving GNC's position that this case should be subject to arbitration, at this time and early state of this case, and subject to amendment and a general reservation of all rights, the parties submit that the following major legal and factual issues may exist:

> <u>For Plaintiff</u>, the anticipated major legal and factual issues include, but are not limited to, the following:
>
> > *Whether Plaintiff has asserted viable claims against GNC for Negligent Misrepresentation, Strict Products Liability, Unjust Enrichment and ICFA (Counts I, III, IV and VI);*
> >
> > *Whether GNC is liable to Plaintiff;*
> >
> > *Whether Defendant Grenade USA is liable to Plaintiff;*
> >
> > *Causation, expert testimony and damages.*
>
> <u>For Defendant GNC</u>, the anticipated major legal and factual issues include, but are not limited to, the following:
>
> > *Whether Plaintiff can prove causation;*
> >
> > *Whether Grenade USA is solely liable;*
> >
> > *Whether the subject labeling is false or misleading;*
> >
> > *Whether GNC was unjustly enriched;*
> >
> > *Whether Plaintiff suffered any damages;*
> >
> > *Whether GNC can be held strictly liable for product liability as a matter of law; and*
> >
> > *Any other affirmative defenses the facts of which are developed during discovery.*

    e.    **Relief Sought by Plaintiff**: Monetary relief.

2.    **Mandatory Initial Discovery (Pilot Program)**

    a.    **Confirmation of familiarity and Compliance with the Mandatory Initial Discovery Standing Order ("MIDSO")**: Counsel are familiar with the MIDSO. As identified in response to paragraph 3a below, defendant GNC is filing, as its responsive pleading, a Motion to Compel Arbitration pursuant to Rule 12(b) in lieu of an answer. As GNC interprets this Court's changes to the MIDP effective December 1, 2018, the MIDP response period for GNC is not triggered while GNC's motion is pending under Rule 12. Plaintiff agrees with GNC's position that the filing of a motion to compel arbitration avoids the triggering of MIDP response dates.

3

b. **Confirm compliance with the mandatory initial discovery responses, or state the deadline for responses**: As identified in response to paragraph 3a below, defendant GNC is filing, as its responsive pleading, a Motion to Compel Arbitration pursuant to Rule 12(b) in lieu of an answer. As GNC interprets this Court's changes to the MIDP effective December 1, 2018, the MIDP response period for GNC is not triggered while GNC's motion is pending under Rule 12. Plaintiff agrees with GNC's position that the filing of a motion to compel arbitration avoids the triggering of MIDP response dates.

If GNC's motion to compel arbitration is denied, the parties will comply with the MIDP disclosures dates (30 days after GNC answers or otherwise moves to dismiss).

c. **Disputes concerning the mandatory initial discovery responses**.

Plaintiff agrees with GNC's position that the filing of a motion to compel arbitration may avoid the triggering of MIDP response dates. It is Plaintiff's position that despite the fact that filing of a motion to compel arbitration may avoid the triggering of MIDP response dates, GNC should be required to ascertain and document to Plaintiff whether (a) the GTD product returned by Plaintiff to a local GNC store was in fact preserved by GNC, (b) where the product is currently located and (c) the results of any testing relative to the product.

GNC disagrees with Plaintiff's position.

3. **Pending Motions and Case Plan**:

   a. **Pending Motions**. **GNC will move to compel arbitration on June 12, 2019**;

   b. **Proposed discovery case plan**:

   As identified in response to paragraph 3a above, defendant GNC is filing, as its responsive pleading, a Motion to Compel Arbitration pursuant to Rule 12(b) in lieu of an answer. As GNC interprets this Court's changes to the MIDP effective December 1, 2018, the MIDP response period for GNC is not triggered while GNC's motion is pending under Rule 12.

   Plaintiff agrees with GNC's position that the filing of a motion to compel arbitration may avoid the triggering of MIDP response dates. If GNC's motion to compel arbitration is denied, the parties will comply with the MIDP disclosures dates (30 days after GNC answers or otherwise moves to dismiss). Plaintiff, however, reserves the right to issue limited discovery directly related to GNC's motion to compel arbitration. Additionally, Plaintiff contends that GNC should be required to ascertain and then document to Plaintiff whether (a) the GTD product returned by Plaintiff to a local GNC store was in fact preserved by GNC, (b) where the product is currently located and (c) the results of any testing relative to the product. The parties will submit a proposed discovery plan by a date certain should the Court deny GNC's motion to compel.

   GNC disagrees with Plaintiff's position.

    **c.**    **Whether a jury trial has been requested and length of trial**: A jury trial has been requested. Although GNC has moved to compel arbitration, Plaintiff and GNC generally observe that the probable length of trial could be 3 to 4 days, depending on whether Grenade USA participates.

**4.**    **Whether the Parties Consent to Proceed Before a Magistrate Judge:** GNC is moving to compel arbitration and the parties do not desire to proceed before the magistrate judge.

**5.**    **Status of Settlement Discussions:**

    **a.**    Preliminary settlement discussions have occurred;

    **b.**    Plaintiff and GNC have discussed settlement generally and value this case differently; and

    **c.**    Although Plaintiff wishes to have a settlement conference with the assigned magistrate judge, GNC believes it to be premature given the forthcoming motion to compel arbitration.

Dated: June 11, 2019

/s/ James C. Vlahakis
James C. Vlahakis
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
630-575-8181 Fax: 630-575-8188
Email: jvlahakis@sulaimanlaw.com

*Counsel for Plaintiff*

/s/ Christopher S Hennessy
Christopher S. HennessyCozen O'Connor
123 N Wacker Drive. Suite 1800
Chicago, IL 60606
(312) 474-7900
chennessy@cozen.com
*Counsel for Defendant GNC*

5

**Certificate of Service**

The undersigned, attorney for Plaintiff, further certifies that on June 11 2019, he caused the foregoing Joint Initial Status Report to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all parties that have appeared in this action.

*/s/ James C. Vlahakis*
James C. Vlahakis

**Alternative Certificate of Service For Grenade USA, LLC**

The undersigned, attorney for Plaintiff, further certifies that on June 12, 2019, he will cause a copy of the foregoing Joint Initial Status Report to be served by U.S. mail, postage prepaid, on Grenade USA, LLC's registered agent at the following address:

Sundoc Filings
874 Walker Road Suite C
Dover, Delware 19904

The undersigned, attorney for Plaintiff, further certifies that on June 12, 2019, he will cause the foregoing Joint Initial Status Report to be served by U.S. mail, postage prepaid, on the following address based upon Grenade USA, LLC's website, https://www.grenade.com/us/business-consumer-terms:

Legal Department Grenade
c/o 225 Episcopal Road
Berlin, CT 06037

The undersigned, attorney for Plaintiff, further certifies that on June 12, 2019, he will cause the foregoing Joint Initial Status Report to be served by U.S. mail, postage prepaid, on the below address based upon the listing of this address on Grenade USA, LLC's website, https://support.grenade.com/hc/en-us/articles/360018881872-Contact-Methods-and-Opening-Times:

Grenade® USA, LLC
815 Reservoir Ave, Ste. 1A
Cranston, Rhode Island, 02910

The undersigned, attorney for Plaintiff, further certifies that on June 11, 2019, he caused the foregoing Joint Initial Status Report to be served by way of email upon the below email address based upon the below email having been listed on Grenade USA, LLC's website, https://www.grenade.com/us/website-terms:

customerservice@grenade.com

The undersigned, attorney for Plaintiff, further certifies that on June 11, 2019, he caused the foregoing Joint Initial Status Report to be served by way of an email portal that is contained on Grenade USA, LLC's website, https://support.grenade.com/hc/en-us/articles/360018881872-Contact-Methods-and-Opening-Times.

The undersigned, attorney for Plaintiff, further certifies that on June 11, 2019, he caused the foregoing Joint Initial Status Report to be served by way of email upon the below email address based upon the below email having been listed on Grenade USA, LLC's website, https://www.grenade.com/us/privacy-policy:

casework@grenade.com

The undersigned, attorney for Plaintiff, further certifies that on June 11, 2019, he caused the foregoing Joint Initial Status Report to be served by way of email upon the below email addresses based upon the below emails having been listed on Grenade USA, LLC's website, https://www.grenade.com/us/disclaimer:

dpo@grenade.com and info@grenade.com

*/s/ James C. Vlahakis*
James C. Vlahakis