**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAY ROSSI, | |
| Plaintiff, | No. 1:19-cv-01417 |
| v. | |
| GENERAL NUTRITION CORPORATION and GRENADE® USA, LLC, | The Honorable Manish S. Shah |
| Defendants. | Magistrate Judge Susan E. Cox |

**PARTIES' JOINT INITIAL STATUS REPORT**

Plaintiff JAY ROSSI and Defendants GENERAL NUTRITION CORPORATION

("GNC") and GRENADE USA, LLC ("Grenade") now submit their Joint Initial Status Report:

1. **The Nature of the Case**: Plaintiff contends that he was injured by a dietary supplement called Grenade – Thermo Detonator ("GTD"). GTD is allegedly manufactured and promoted by Defendant Grenade, and allegedly sold and promoted by GNC at GNC stores and online. Defendants deny Plaintiff's allegations.

    a. **Attorneys of record for each party, including lead trial attorney**:

*For Plaintiff Jay Rossi,*
**James C. Vlahakis (lead attorney)**
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
630-575-8181  Fax: 630-575-8188
jvlahakis@sulaimanlaw.com

*For Defendant GNC,*
**Christopher S. Hennessy (lead attorney)**
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
312-474-4493  Fax: 312-878-2003
chennessy@cozen.com

*For Defendant Grenade,*
**Arthur J. Liederman (lead attorney – to be admitted pro hac vice)**
**Nicole M. Battisti (lead attorney – to be admitted pro hac vice)**
Morrison Mahoney LLP
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY 10005
(212) 825-1212 Fax: (212) 825-1313
Aliederman@morrisonmahoney.com
nbattisti@morrisonmahoney.com

Catherine Basque Weiler
Natalie J. Eschbach
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60642
Phone: 312-321-9100
cweiler@smbtrials.com
neschbach@smbtrials.com

> **b.**    **Basis for federal jurisdiction**:  Diversity Jurisdiction.

> **c.**    **Nature of the claims asserted and any counterclaims:**

> *Plaintiff has summarized his claims as follows:*

> **Count I**, Negligent Misrepresentation vs. GNC and Grenade USA, contends that GNC and Grenade USA negligently and/or carelessly misrepresented, omitted and concealed from consumers material facts relating to the dangerous quality and characteristics of GTD;

> **Count II**, Design Defect vs. Grenade USA, contends that Grenade USA's design of GTD was defective, and because of such design defects, whether GTD was defective and unreasonably dangerous to the consuming public, including the Plaintiff;

> **Count III**, Strict Products Liability vs. GNC, contends that Plaintiff was injured as a result of the unreasonably dangerous nature of GTD, that GNC promoted and sold GTD and otherwise knew of and concealed the unreasonably dangerous nature of at the time when GTD left Grenade USA's control;

> **Count IV**, Unjust Enrichment vs. GNC, generally contends that GNC improperly profited from its sale of GTD to Plaintiff;

> **Count V**, Unjust Enrichment vs. Grenade USA, generally contends that GNC improperly profited from its sale of GTD to Plaintiff;

> **Count VI**, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") vs. GNC and Grenade USA, generally contends that GNC and Grenade USA's sale of GTD constituted an unfair, deceptive, and misleading business practice in violation of ICFA, by among other things, unfairly and deceptively misrepresenting the benefits and quality of GTD to Illinois consumers; unfairly and deceptively advertising GTD as identified above as a safe method of combating fat and delivering energy; and unfairly and deceptively omitting that GTD contained the above-identified unsafe ingredients.

> *Defendant GNC's position is as follows:*

> Defendant GNC disputes the above claims and denies all liability.  Defendant GNC further intends to invoke the protections of 735 ILCS 5/2-621.  Defendant GNC is further analyzing whether this matter is ripe for a motion for judgment on

the pleadings on some or all of Plaintiff's claims as to Defendant GNC. Defendant GNC further contends that it is entitled to contractual indemnity from Defendant Grenade.

There are no counterclaims at this time; however, GNC reserves the right to assert counterclaims and additional crossclaims as facts are discovered.

**d.** **Major legal and factual issues anticipated in the case**:

i. Subject to amendment and a general reservation of all rights, the parties submit that the following major legal and factual issues may exist:

**For Plaintiff**, the anticipated major legal and factual issues include, but are not limited to, the following:

*Whether Plaintiff has asserted viable claims against GNC for Negligent Misrepresentation, Strict Products Liability, Unjust Enrichment and ICFA (Counts I, III, IV and VI);*

*Whether Plaintiff has asserted viable claims against Grenade for Negligent Misrepresentation, Design Defect, Unjust Enrichment and ICFA (Counts I, II, III, V, and VI);*

*Whether GNC is liable to Plaintiff;*

*Whether Defendant Grenade USA is liable to Plaintiff;*

*Causation, expert testimony and damages.*

**For Defendant GNC**, the anticipated major legal and factual issues include, but are not limited to, the following:

*Whether Plaintiff can prove causation;*

*Whether Grenade USA is solely liable;*

*Whether the subject labeling is false or misleading;*

*Whether GNC was unjustly enriched;*

*Whether Plaintiff suffered any damages;*

*Whether GNC can be held strictly liable for product liability as a matter of law;*

*Whether GNC is entitled to the protections of 735 ILCS 5/2-621;*

*Whether GNC is entitled to contractual indemnity; and*

*Any other affirmative defenses the facts of which are developed during discovery.*

**For Defendant Grenade**, the anticipated major legal and factual issues include, but are not limited to, the following:

*Whether Plaintiff can prove that GTD caused or contributed to plaintiff's alleged injuries;*

*Whether Grenade USA is solely liable;*

*Whether the subject labeling is false or misleading;*

*Whether Grenade was unjustly enriched;*

*Whether the plaintiff used the product as intended;*

*Whether the product was altered between the time it left Grenade's facility to the time it reached plaintiff;*

*Whether Plaintiff suffered any damages, and;*

*Any other affirmative defenses the facts of which are developed during discovery.*

    **e.**    **Relief Sought by Plaintiff**:  Monetary relief.

**2.**    **Mandatory Initial Discovery (Pilot Program)**:

    **a.**    **Confirmation of familiarity and Compliance with the Mandatory Initial Discovery Standing Order ("MIDSO")**:  The parties acknowledge their familiarity with the MIDP Standing Order.

    **b.**    **Confirm compliance with the mandatory initial discovery responses, or state the deadline for responses**:  Per the Standing Order, Plaintiff would have a different deadline for MIDP initial responses to Grenade (Answer filed on September 9, 2019) than to GNC (Answer filed on September 20, 2019).  The parties are in agreement to coordinate disclosures for MIDP and as outlined below, and will complete MIDP initial disclosures by October 21, 2019.

    **c.**    **Disputes concerning the mandatory initial discovery responses**.

There are no current disputes concerning MIDP.

**3.**    **Pending Motions and Case Plan**:

    **a.**    **Pending Motions**.  There are no pending motions.

    **b.**    **Proposed discovery case plan**:

        **i.**    **The general type of discovery needed.**

The general type of discovery relates to product records and tests on the product that Plaintiff alleges he purchased and used, policies and procedures related to the testing of products, medical records and toxicology reports of Plaintiff regarding care and treatment that Plaintiff relates to the product, and medical records from three years prior to the incident to present, and discovery related to any other component of Plaintiff's claimed damages.

        **ii.**    **A date for Rule 26(a)(1) disclosures.**

To the extent the Court requires Rule 26(a)(1) disclosures in addition to the MIDP initial disclosures, those will be made by October 21, 2019.

        **iii.**    **A date to issue written discovery.**

4

All parties shall issue initial written discovery by October 28, 2019.

**iv. A fact discovery completion date.**

The parties will complete fact discovery within 180 days, or by March 23, 2020.

**v. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports.**

Plaintiff will deliver expert reports within 30 days of the completion of fact discovery, or by April 22, 2020. Defendants will deliver expert reports within 60 days of the completion of fact discovery, or by May 22, 2020. The parties will complete expert discovery 105 days of the completion of fact discovery, or by July 6, 2020.

**vi. A date for the filing of dispositive motions.**

Dispositive motions will be filed by August 19, 2020.

**c. Whether a jury trial has been requested and length of trial**: A jury trial has been requested. Depending on the number of medical witnesses called by Plaintiff, the possible length of trial is four days..

**4. Whether the Parties Consent to Proceed Before a Magistrate Judge:** The parties do not desire to proceed before the magistrate judge.

**5. Status of Settlement Discussions:**

**a.** Preliminary settlement discussions have occurred;

**b.** Plaintiff and GNC have discussed settlement generally and value this case differently; and

**c.** The parties are amenable to having a settlement conference with the assigned magistrate judge.

Dated: September 20, 2019

/s/ James C. Vlahakis
James C. Vlahakis
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
630-575-8181 Fax: 630-575-8188
Email: jvlahakis@sulaimanlaw.com

*Counsel for Plaintiff*

5

/s/ Christopher S Hennessy
Christopher S. Hennessy
Cozen O'Connor
123 N Wacker Drive. Suite 1800
Chicago, IL 60606
(312) 474-7900
chennessy@cozen.com

*Counsel for Defendant GNC*

Arthur J. Liederman (lead attorney – to be
admitted pro hac vice)
Nicole M. Battisti (lead attorney – to be
admitted pro hac vice)
Morrison Mahoney LLP
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY 10005
(212) 825-1212
Fax: (212) 825-1313
Aliederman@morrisonmahoney.com
nbattisti@morrisonmahoney.com

Catherine Basque Weiler
Natalie J. Eschbach
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60642
Phone: 312-321-9100
cweiler@smbtrials.com
neschbach@smbtrials.com

*Counsel for Defendant Grenade*

**Certificate of Service**

The undersigned, attorney for Plaintiff, further certifies that on September 20, 2019, he caused the foregoing Joint Initial Status Report to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all parties that have appeared in this action.

*/s/ James C. Vlahakis*
James C. Vlahakis