**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

JAY ROSSI,

               Plaintiff,

    v.

GENERAL NUTRITION CORPORATION and
GRENADE ® USA, LLC

               Defendants.

Case No.: 19-cv-01417

Judge Manish S. Shah
Magistrate Judge Susan E. Cox

---

## GRENADE ® USA, LLC's ANSWER TO GENERAL NUTRITION CORPORATION'S CROSSCLAIMS

NOW COMES Defendant GRENADE ® USA, LLC. ("defendant" or "GRENADE"), by and through its attorneys, MORRISON MAHONEY LLP, and for its answer to General Nutrition Corporation's ("GNC") Crossclaims, sets forth the following, upon information and belief:

1.    Answering Defendant incorporates herein by reference all paragraphs of the foregoing Answer to Plaintiff's First Amended Complaint as though fully set forth at length herein.

**ANSWER**:    There is no allegation set forth in paragraph designated "1" of GNC's Crossclaims and requires no Answer from GRENADE.

2.    Answering Defendant states these crossclaims against Defendant Grenade USA, LLC.

**ANSWER**:    There is no allegation set forth in paragraph designated "2" of GNC's Crossclaims and requires no Answer from GRENADE.

3.    Answering Defendant denies any and all liability to Plaintiff on the claims set forth in his First Amended Complaint.

**ANSWER**:    There is no allegation set forth in paragraph designated "3" of GNC's Crossclaims and requires no Answer from GRENADE.

4.      However, should Plaintiff prevail on his claims, Answering Defendant avers that any injury to Plaintiff—the existence of which Answering Defendant denies—was exclusively, primarily, and/or jointly and severally caused by the actions of Defendant Grenade USA, LLC.

**ANSWER**:      GRENADE denies the allegations contained in paragraph designated "4" of GNC's Crossclaims.

5.      Answering Defendant further avers that Defendant Grenade USA, LLC is liable to Plaintiff, jointly and severally liable to Plaintiff, and/or liable over by way of contribution and/or indemnification to Answering Defendant for any and all damages or other relief awarded to Plaintiff against Answering Defendant in this matter.

**ANSWER**:      GRENADE denies the allegations contained in paragraph designated "5" of GNC's Crossclaims.

6.      Answering Defendant further avers that Defendant Grenade USA, LLC is liable to it for contractual indemnification.

**ANSWER**:      GRENADE denies the allegations contained in paragraph designated "6" of GNC's Crossclaims.

7.      In October 2015, Answering Defendant and Defendant Grenade USA, LLC entered into a Purchasing Agreement.

**ANSWER**:      GRENADE admits the allegations contained in paragraph designated "7" of GNC's Crossclaims.

8.      Paragraph 9 of the Purchasing Agreement contains an indemnity provision which states, among other things, that Defendant Grenade USA, LLC is to "defend, indemnify, and hold" GNC harmless "from and against all claims, expenses, liabilities, losses, and damage, including reasonable attorneys' fees, resulting from, or arising in connection with . . . (i) the failure of the

Products to conform in any respect to the representations and warranties contained in any part of this Agreement, (ii) the failure of the Products to meet label claims or [GNC's] quality control standards, [and] (iii) the promotion, sale, purchase, resale, or use of the Products or any litigation or threatened litigation based thereon."

**ANSWER**:     GRENADE admits the allegations contained in paragraph designated "8" of GNC's Crossclaims.

9.     An Addendum to the Purchasing Agreement identified the product at issue in this litigation as being subject to the Purchasing Agreement, including the indemnity provision.

**ANSWER**:     GRENADE admits the allegations contained in paragraph designated "9" of GNC's Crossclaims.

10.     The Purchasing Agreement also required Defendant Grenade USA, LLC to procure insurance and identify Answering Defendant as an additional insured.

**ANSWER**:     GRENADE admits the allegations contained in paragraph designated "10" of GNC's Crossclaims.

11.     Answering Defendant has demanded Defendant Grenade USA, LLC to defend and indemnify it in this matter pursuant to the Purchasing Agreement.

**ANSWER**:     GRENADE admits the allegations contained in paragraph designated "11" of GNC's Crossclaims.

12.     To date, Defendant Grenade USA, LLC has refused to do so, thereby breaching the Purchasing Agreement and causing Answering Defendant to suffer damages, including but not limited to incurring attorneys' fees.

**ANSWER**:     Given the allegations by Plaintiff in his First Amended Complaint that he relied upon GNC's representation of the subject product at the time of purchase, and the spoliation of

evidence by GNC, GRENADE has taken GNC's demand of defense and indemnification under review and will issue a response to GNC's tender demand once a review of the appropriate documents and information is considered. At this time, GRENADE has not denied or accepted GNC's tender demand, but denies the allegations contained in paragraph designated "12" of GNC's crossclaims that GRENADE as "refused" to defend and indemnify GNC in this matter.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials or other statements in its crossclaims, Defendant, GRENADE, for its separate and affirmative defenses to GNC's crossclaims, states as follows:

### FIRST AFFIRMATIVE DEFENSE TO GNC'S CROSSCLAIMS

1. Pursuant to the allegations in the First Amended Complaint, Plaintiff relied upon GNC's representation of the subject Product at the time of purchase.

### SECOND AFFIRMATIVE DEFENSE TO GNC'S CROSSCLAIMS

2. GNC lost and/or destroyed the subject product returned to them by plaintiff resulting in spoliation of evidence under Illinois law.

**WHEREFORE,** Defendant GRENADE demands judgment dismissing the Defendant/Cross Claimant, General Nutrition Corporation's crossclaims, together with interest, costs of suit, attorneys' fees and all other relief that the Court deems just and equitable.

## JURY DEMAND

Defendant GRENADE demands trial by jury of 12 on all issues so triable.

DATED:      November 12, 2019

              Respectfully submitted,

              SWANSON, MARTIN & BELL, LLP
              Attorneys for GRENADE USA, LLC


By:     /s/ Natalie J. Eschbach
           Catherine Basque Weiler
           cweiler@smbtrials.com
           Natalie J. Eschbach
           neschbach@smbtrials.com
           330 N. Wabash # 3300
           Chicago, Illinois 60642
           Phone: 312-321-9100

           MORRISON MAHONEY LLP
           Attorneys for GRENADE USA, LLC
           Arthur J. Liederman (AL 0227)
           aliederman@morrisonmahoney.com
           (To Be Admitted Pro Hac Vice)
           Nicole M. Battisti (NB 7583)
           nbattisti@morrisonmahoney.com
           (To Be Admitted Pro Hac Vice)
           Wall Street Plaza
           88 Pine Street, Suite 1900
           New York, NY 10005
           Phone: 212-825-1212

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of November, 2019, Grenade USA, LLC's Answer to

General Nutrition Corporation's Crossclaims were served to the following counsel via electronic

mail:

**Attorney for Plaintiff**
James C. Vlahakis
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
jvlahakis@sulaimanlaw.com

**Attorney for GNC**
Christopher Sean Hennessy
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
chennessy@cozen.com

/s/ Natalie J. Eschbach
Natalie J. Eschbach