UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY ROSSI,<br><br>    Plaintiff,<br>v.<br><br>GENERAL NUTRITION CORPORATION and GRENADE® USA, LLC,<br>    Defendants. | No. 1:19-cv-01417<br><br>The Honorable Manish S. Shah<br><br>Magistrate Judge Susan E. Cox |

**PARTIES' SUPPLEMENTAL JOINT STATUS REPORT**

Plaintiff JAY ROSSI and Defendants GENERAL NUTRITION CORPORATION ("GNC") and GRENADE USA, LLC ("Grenade") submit this Supplemental Joint Status Report:

**1.** **The Nature of the Case**: Plaintiff contends that he was injured by a dietary supplement called Grenade – Thermo Detonator ("GTD"). GTD is allegedly manufactured and promoted by Defendant Grenade, and allegedly sold and promoted by GNC at GNC stores and online. Defendants deny Plaintiff's allegations.

    **a.** **Attorneys of record for each party, including lead trial attorney**:

*For Plaintiff Jay Rossi,*
**James C. Vlahakis (lead attorney)**
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
630-575-8181  Fax: 630-575-8188
jvlahakis@sulaimanlaw.com

*For Defendant GNC,*
**Christopher S. Hennessy (lead attorney)**
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
312-474-4493  Fax: 312-878-2003
chennessy@cozen.com

*For Defendant Grenade,*
**Arthur J. Liederman (lead attorney – to be admitted pro hac vice)**
**Nicole M. Battisti (lead attorney – to be admitted pro hac vice)**
Morrison Mahoney LLP
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY 10005
(212) 825-1212 Fax: (212) 825-1313
Aliederman@morrisonmahoney.com
nbattisti@morrisonmahoney.com

1

Catherine Basque Weiler
Natalie J. Eschbach
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60642
Phone: 312-321-9100
cweiler@smbtrials.com
neschbach@smbtrials.com

    **b.**    **Basis for federal jurisdiction**:  Diversity Jurisdiction.

    **c.**    **Nature of the claims asserted and any counterclaims:**

*Plaintiff has summarized his claims as follows:*

**Count I**, Negligent Misrepresentation vs. GNC and Grenade USA, contends that GNC and Grenade USA negligently and/or carelessly misrepresented, omitted and concealed from consumers material facts relating to the dangerous quality and characteristics of GTD;

**Count II**, Design Defect vs. Grenade USA, contends that Grenade USA's design of GTD was defective, and because of such design defects, whether GTD was defective and unreasonably dangerous to the consuming public, including the Plaintiff;

**Count III**, Strict Products Liability vs. GNC, contends that Plaintiff was injured as a result of the unreasonably dangerous nature of GTD, that GNC promoted and sold GTD and otherwise knew of and concealed the unreasonably dangerous nature of at the time when GTD left Grenade USA's control;

**Count IV**, Unjust Enrichment vs. GNC, generally contends that GNC improperly profited from its sale of GTD to Plaintiff;

**Count V**, Unjust Enrichment vs. Grenade USA, generally contends that GNC improperly profited from its sale of GTD to Plaintiff;

**Count VI**, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") vs. GNC and Grenade USA, generally contends that GNC and Grenade USA's sale of GTD constituted an unfair, deceptive, and misleading business practice in violation of ICFA, by among other things, unfairly and deceptively misrepresenting the benefits and quality of GTD to Illinois consumers; unfairly and deceptively advertising GTD as identified above as a safe method of combating fat and delivering energy; and unfairly and deceptively omitting that GTD contained the above-identified unsafe ingredients.

Plaintiff further notes that the operative Complaint states that Defendant returned the subject GTD product and the "grenade" shaped bottle that contained the product to the GNC store where he original bought the GTD product. Plaintiff's counsel had previously reported to the Court that GNC was unable to account for the location of the returned product and bottle. Recently produced records contend that the GTD product and the "grenade" shaped bottle that contained the product were shipped to Grenade USA or its representative. Previously, GNC was unable to account for the product and bottle that Plaintiff had returned. As of the filing of this Report, Grenade USA has not confirmed whether the product and bottle were received by Grenade USA from GNC.

*Defendant GNC's position is as follows:*

Defendant GNC disputes the above claims and denies all liability. Defendant GNC further intends to invoke the protections of 735 ILCS 5/2-621. Defendant GNC is further analyzing whether this matter is ripe for a motion for judgment on the pleadings on some or all of Plaintiff's claims as to Defendant GNC. Defendant GNC further contends that it is entitled to contractual indemnity from Defendant Grenade.

There are no counterclaims at this time; however, GNC reserves the right to assert counterclaims and additional crossclaims as facts are discovered. Defendant GNC further notes that, with respect to the whereabouts of the product Plaintiff claims to have ingested (as discussed before the Court at the Status Hearing on Nov. 21, 2019), GNC has confirmed that the product in question was recovered from the location where Plaintiff returned the product and shipped to Grenade USA via Federal Express on January 12, 2018. GNC has provided the Federal Express tracking number for the shipment to counsel for Plaintiff and Grenade USA.

*Defendant Grenade USA's position is as follows:*

Defendant Grenade USA disputes the above claims and denies all liability. Defendant Grenade USA also intends to invoke the protections of 735 ILCS 5/2-621 as it was not responsible for the manufacture of the product. Grenade USA outsourced it manufacturing and acted as the distributor of the product in the US.

The particular batch/lot allegedly ingested by plaintiff was tested by the manufacturer and no quality issues were found. The testing revealed the product was manufactured within specification and in accordance with the manufacturer's Certificate of Analysis ("COA"). Specifically, the manufacturer stated, "As performed by pharmacy personnel and verified by QA, the correct ingredients were pulled and dispensed in the correct amounts with no foreign or aberrant materials being reported." The product met specification for physical and analytical attributes at the time of release.

The testing report was produced in Grenade USA's initial disclosure to the parties. Therefore, it is Grenade USA's position that the product was manufactured to specification, was not unreasonably dangerous or defective and plaintiff did not heed the warnings/instructions on the product and misused the product.

3

As stated above, GNC has provided an email which states that they were shipping the product plaintiff returned to GNC and provided a tracking number. Since the tracking number is over a year old and Federal Express recycles their tracking numbers each year, the parties are not able to confirm delivery of the product. Grenade USA is making further inquiries regarding the whereabouts of the product and whether it was delivered to Grenade USA.

d. **Major legal and factual issues anticipated in the case**:

 i. Subject to amendment and a general reservation of all rights, the parties submit that the following major legal and factual issues may exist:

**For Plaintiff**, the anticipated major legal and factual issues include, but are not limited to, the following:

*Whether Plaintiff has asserted viable claims against GNC for Negligent Misrepresentation, Strict Products Liability, Unjust Enrichment and ICFA (Counts I, III, IV and VI);*

*Whether Plaintiff has asserted viable claims against Grenade USA for Negligent Misrepresentation, Design Defect, Unjust Enrichment and ICFA (Counts I, II, III, V, and VI);*

*Whether GNC is liable to Plaintiff;*

*Whether Grenade USA is liable to Plaintiff;*

*Causation, expert testimony and damages; and*

*Whether Grenade USA received the product from GNC.*

**For Defendant GNC**, the anticipated major legal and factual issues include, but are not limited to, the following:

*Whether Plaintiff can prove causation;*

*Whether Grenade USA is solely liable;*

*Whether the subject labeling is false or misleading;*

*Whether GNC was unjustly enriched;*

*Whether Plaintiff suffered any damages;*

*Whether GNC can be held strictly liable for product liability as a matter of law;*

*Whether GNC is entitled to the protections of 735 ILCS 5/2-621;*

*Whether GNC is entitled to contractual indemnity; and*

*Any other affirmative defenses the facts of which are developed during discovery.*

**For Defendant Grenade**, the anticipated major legal and factual issues include, but are not limited to, the following:

4

>*Whether Plaintiff can prove that GTD caused or contributed to plaintiff's alleged injuries;*
>
>*Whether Grenade USA is solely liable;*
>
>*Whether the subject labeling is false or misleading;*
>
>*Whether Grenade was unjustly enriched;*
>
>*Whether the plaintiff used the product as intended;*
>
>*Whether the product was altered between the time it left Grenade's facility to the time it reached plaintiff;*
>
>*Whether Plaintiff suffered any damages, and;*
>
>*Any other affirmative defenses the facts of which are developed during discovery.*

    e.    **Relief Sought by Plaintiff**:  Monetary relief.

2.    **Mandatory Initial Discovery (Pilot Program)**:

    a.    **Confirmation of familiarity and Compliance with the Mandatory Initial Discovery Standing Order ("MIDSO")**: The parties acknowledge their familiarity with the MIDP Standing Order.

    b.    **Confirm compliance with the mandatory initial discovery responses, or state the deadline for responses**:  The parties exchanged MIDP initial disclosures on October 21, 2019. Grenade and Plaintiff produced responsive documents on the same dates. Plaintiff submitted his signed MIDP initial disclosures to Defendants on October 24, 2019.

    c.    **Disputes concerning the mandatory initial discovery responses**:  There are no current disputes concerning MIDP other than the following. Plaintiff will produce medical records after the entry of an agreed protective order. After various discussions with counsel for Plaintiff, Defendant Grenade USA served its signed MIDP initial disclosures on December 12, 2019. Defendant GNC anticipates serving signed MIDP initial disclosures before the next Court status on January 9, 2020. GNC will produce documents responsive to the MIDP after the Court approves the parties' agreed protective order.

3.    **Pending Motions and Case Plan**:

    a.    **Pending Motions**.  There are no pending motions.

    b.    **Proposed discovery case plan**:

        i.    **The general type of discovery needed.**

        The general type of discovery relates to product records and tests on the product that Plaintiff alleges he purchased and used, policies and procedures related to the testing of products, medical records and toxicology reports of Plaintiff regarding care and treatment that Plaintiff relates to the product, and medical records from prior to the incident to

5

present, and discovery related to any other component of Plaintiff's claimed damages.

### ii. A date for Rule 26(a)(1) disclosures.

The Court excused the parties from complying with FRCP 26(a)(1) based upon the parties' expressed intention of complying with the MIDP obligations.

### iii. A date to issue written discovery.

In light of the ongoing efforts to comply with MIDP obligations, all parties shall issue initial written discovery by January 17, 2020.

### iv. A fact discovery completion date.

The parties will complete fact discovery within 180 days, or by June 15, 2020.

### v. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports.

Plaintiff will deliver expert reports within 30 days of the completion of fact discovery, or by July 15, 2020. Defendants will deliver expert reports within 60 days of the completion of fact discovery, or by August 14, 2020. The parties will complete expert discovery 105 days of the completion of fact discovery, or by October 1, 2020.

### vi. A date for the filing of dispositive motions.

Dispositive motions will be filed by October 23, 2020.

c. **Whether a jury trial has been requested and length of trial**: A jury trial has been requested. Depending on the number of medical witnesses called by Plaintiff, the possible length of trial is four days.

4. **Whether the Parties Consent to Proceed Before a Magistrate Judge:** The parties do not desire to proceed before the magistrate judge.

5. **Status of Settlement Discussions:**

   a. Preliminary settlement discussions have occurred;

   b. The parties have discussed settlement generally and value this case differently;

   c. Grenade has communicated to plaintiff that once Grenade receives Pplaintiff's full medical file, they will assess the case and determine whether the case is viable for settlement. Once the protective order is entered by this court, Plaintiff's counsel will release the medical records in his possession and subject to FRCP 26(b)(1),

6

    Plaintiff, will provide authorizations to the defendants to obtain Plaintiff's relevant medical records.

d.  After Grenade has an opportunity to review Pplaintiff's medical file, the parties will discuss settlement informally.

e.  If the case cannot be settled after informal discussions, the parties are amenable to having a settlement conference with the assigned magistrate judge.

Dated: January 7, 2020

 /s/ James C. Vlahakis
 Sulaiman Law Group, Ltd.
 2500 South Highland Avenue, Suite 200
 Lombard, Illinois 60148
 (630) 575-5456  Fax: (630) 575-8188
 jvlahakis@sulaimanlaw.com
 *Counsel for Plaintiff*

 /s/ Christopher S Hennessy
 Cozen O'Connor
 123 N Wacker Drive. Suite 1800
 Chicago, IL 60606
 (312) 474-7900  Fax: (312) 382-8910
 chennessy@cozen.com
 *Counsel for Defendant GNC*

 Arthur J. Liederman (lead attorney – to be admitted pro hac vice)
 Nicole M. Battisti (lead attorney - to be admitted pro hac vice)
 Morrison Mahoney LLP
 Wall Street Plaza
 88 Pine Street, Suite 1900
 New York, NY 10005
 (212) 825-1212  Fax: (212) 825-1313
 Aliederman@morrisonmahoney.com
 nbattisti@morrisonmahoney.com

 /s/ Catherine Basque Weiler
 Natalie J. Eschbach
 Swanson, Martin & Bell, LLP
 330 N. Wabash Avenue, Suite 3300
 Chicago, Illinois 60642
 (312) 321-9100 Fax: (312) 321-0990
 cweiler@smbtrials.com
 neschbach@smbtrials.com
 *Counsel for Defendant Grenade USA LLC*

## Certificate of Service

    The undersigned, attorney for Plaintiff, further certifies that on January 7, 2020, he caused the foregoing Joint Initial Status Report to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all parties that have appeared in this action.

                                                  */s/ James C. Vlahakis*
                                                  James C. Vlahakis